**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE: 714- 668-2400
FACSIMILE: 714- 668-2490

Donald E. Bradley (State Bar No. 145037)
d.bradley@mpglaw.com

Attorney for Defendant Trans Union LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JUNE NAVARRO, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>MARIGOLD FINANCIAL, LLC f//k/a/ MONEY CONTROL, INC., a California limited liability company; COLLECTO, INC. d/b/a EOS CCA f/k/a COLLECTION COMPANY OF AMERICA, a Massachusetts corporation; SPRINT NEXTEL CORPORATION d/b/a SPRINT PCS, f/k/a SPRINT CORPORATION, a Kansas corporation; EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation; TRANS UNION LLC, a Delaware limited liability company; EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company; and DOES 1through 75, inclusive,<br><br>Defendants. | Case No. EDCV 10-1285<br><br>**DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL**<br><br>[Removed from the Superior Court of California, Los Angeles County, Case No. BC442287] |

Trans Union LLC ("Trans Union"), files this Notice of Removal pursuant to 28 U.S.C. §1446(d) and in support thereof would respectfully show the Court as follows:

1

DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL

3154833.1/SP/83057/1041/082510

## A. Procedural Background

1.     On July 23, 2010, Plaintiff June Navarro ("Plaintiff") filed the Original Complaint in this action in the Superior Court of California, Los Angeles County, Case No. BC442287, ("State Court Action") alleging that Defendants, Trans Union, Money Control, Inc. ("Money Control"), Collecto, Inc., d/b/a EOS CCA, f/k/a Collection Company of America ("Collecto"), Sprint Nextel Corporation, d/b/a Sprint PCS, f/k/a Sprint Corporation ("Sprint"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax") violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, *et seq*.  A complete and accurate copy of the Original Complaint, and complete and accurate copies of pleadings filed to date in the State Court Action are attached hereto as **Exhibit A**.

2.     The time period for filing a responsive pleading in the State Court Action has not expired as of the filing of this Notice of Removal.

3.     Defendants Trans Union, Experian, and Equifax were each served with Plaintiff's Original Complaint on July 26, 2010.  Collecto was served with Plaintiff's Original Complaint on July 30, 2010.  As of the date of the filing of this Notice of Removal, Money Control and Sprint have not been served with the Plaintiff's Original Complaint.  Complete and accurate copies of the Defendants' Joinders and Consents to Removal are attached collectively hereto as **Exhibit B**.

4.     Trans Union notes that on August 3, 2010, Plaintiff June Navarro filed a First Amended Complaint in this action in the Superior Court of California, Los Angeles County, Case No. BC442287, amending Defendant Money Control, Inc. to reflect Marigold Financial, LLC f/k/a Money Control, Inc.  Defendant Marigold Financial was served with Plaintiff's First Amended Complaint on August 3, 2010.  As of the date of the filing of this Notice of Removal, Trans Union, Experian, Equifax, Collecto, and Sprint have not been served with Plaintiff's First Amended Complaint.  A complete and accurate copy of Plaintiff's First Amended Complaint filed in the state court action is attached hereto as **Exhibit C**.

1    5.    This Notice of Removal is being filed within the thirty (30) day time

2    period required by 28 U.S.C. §1446(b).

3    **B. Grounds for Removal**

4    6.    The present suit is an action over which this Court has original

5    jurisdiction pursuant to 28 U.S.C. § 1331 and may be removed to this Court by

6    Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), as it is a civil action

7    founded on a claim or right arising under the laws of the United States. Removal is

8    thus proper because Plaintiff's claim presents a federal question. *Id.* In the

9    documents attached to the Complaint, Plaintiff seeks damages for Defendants'

10   alleged violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et*

11   *seq.* Moreover, any future claims based on state law may be adjudicated by this

12   Court pursuant to 28 U.S.C. § 1367.

13   **C. Compliance with Procedural Requirements**

14   7.    Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this

15   Court within thirty (30) days after the Defendant received a copy of Plaintiff's

16   initial pleading setting forth the claims for relief upon which Plaintiff's action is

17   based.

18   8.    Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper

19   in this Court because it is in the district and division embracing the place where the

20   state court action is pending.

21   9.    Promptly after the filing of this Notice of Removal, Trans Union shall

22   give written notice of the removal to Plaintiff and will file a copy of this Notice of

23   Removal with the Clerk of the Superior Court of the State of California, County of

24   Los Angeles, as required by 28 U.S.C. § 1446(d).

25   10.   No other proceedings, process, pleadings, orders or other paper have

26   been filed or served in the State Court Action. Trial has not commenced in

27   Superior Court of California, Los Angeles County, Case No. BC442287.

28   11.   By filling this Notice of Removal, Trans Union consents to the

removal of this case.

1     WHEREFORE, Trans Union LLC respectfully prays that the action be
2  removed to this Court and that this Court assume full jurisdiction as if it had been
3  originally filed here.

4

5  DATED:  August 25, 2010          MUSICK, PEELER & GARRETT LLP

6

7                                    By:
8                                         Donald E. Bradley

9                                         Attorney for Defendant
                                          Trans Union LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4**

**DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL**

3154833.1/SP/83057/1041/082510

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

On August 25, 2010, I served true copies of the following document(s) described as **DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Musick, Peeler & Garrett LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 25, 2010, at Costa Mesa, California.

_____

**DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL**

3154833.1/SP/83057/1041/082510

1

## SERVICE LIST

2

3  Brandon A. Block                                    Jason C. Wright
   LAW OFFICES OF BRANDON A. BLOCK      JONES DAY
   A PROFESSIONAL CORPORATION            555 South Flower Street
4  499 North Cannon Drive, 4th Floor            Fiftieth Floor
   Beverly Hills, CA 90210                          Los Angeles, CA 90071
5  Telephone: 310-887-7017                        Telephone: (213) 243-2810
   Facsimile:  310-496-1420                        Facsimile:  (213) 243-2539
6  brandon@bblocklaw.com                       jcwright@jonesday.com
7  *Attorney for Plaintiff*                            *Attorney for Defendant Experian*
                                                              *Information Solutions, Inc.*
8
   Thomas P. Quinn, Jr.                             Robert Berglund
9  NOKES & QUINN                                  CARLSON & MESSER LLP
   410 Broadway                                       5959 W. Century Blvd
10 Suite 200                                            Suite 1214
   Laguna Beach, CA 92651                        Los Angeles, CA 90045
11 Telephone: (949) 376-3500                    Telephone: (310) 242-2211
   Facsimile:  (408) 376-3070                     Facsimile:  (310) 242-2222
12 tquinn@nokesquinn.com                       Email: berglunr@cmtlaw.com
13 *Attorney for Defendant*                       *Attorney for Defendant*
   *Equifax Information Services, LLC*         *Collecto, Inc.*
14
15 Greg Merilliod
   MARIGOLD FINANCIAL LLC
16 3637 9th Street
   P.O. Box 49990
17 Riverside, CA 92501
   Telephone: (951) 789-8111
18 Facsimile:  (951) 368-1711
   Email: greg@marigoldfinancial.com
19 *Representative for Defendant*
   *Marigold Financial, LLC*.
20

21

22

23

24

25

26

27

28

**DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL**

3154833.1/SP/83057/1041/082510

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1    Brandon A. Block (State Bar No.: 215888)
     LAW OFFICES OF BRANDON A. BLOCK
2    A PROFESSIONAL CORPORATION
     499 North Canon Drive, 4th Floor
3    Beverly Hills, CA 90210
     Tel: 310.887.7017
4    Fax: 310.496.1420
     Email: brandon@bblocklaw.com
5
     Attorneys for Plaintiff
6    JUNE NAVARRO

7

8

             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

                FOR THE COUNTY OF LOS ANGELES

10

11   JUNE NAVARRO, an individual,       CASE NO.    **BC442287**

12           Plaintiff,              **COMPLAINT FOR:**
        vs.
13                           **(1) VIOLATIONS OF THE**
    MONEY CONTROL, INC., a California            **ROSENTHAL FAIR DEBT**
14   corporation; COLLECTO, INC. d/b/a          **COLLECTION PRACTICES ACT;**
    EOS CCA f/k/a COLLECTION
15   COMPANY OF AMERICA, a               **(2) VIOLATIONS OF THE FEDERAL**
    Massachusetts corporation; SPRINT          **FAIR DEBT COLLECTION**
16   NEXTEL CORPORATION d/b/a              **PRACTICES ACT;**
    SPRINT PCS f/k/a SPRINT
17   CORPORATION, a Kansas corporation;     **(3) VIOLATIONS OF THE FAIR**
    EXPERIAN INFORMATION                 **CREDIT REPORTING ACT; AND**
18   SOLUTIONS, INC., an Ohio
    corporation; TRANS UNION LLC, a       **(4) VIOLATIONS OF CALIFORNIA'S**
19   Delaware limited liability company;         **CONSUMER CREDIT**
    EQUIFAX INFORMATION SERVICES        **REPORTING AGENCIES ACT**
20   LLC, a Georgia limited liability
    company; and DOES 1 through 75,         <u>**JURY TRIAL DEMANDED**</u>
21   inclusive,

22          Defendants.

23

24

25

26

27

28

                               - 1 -
                           COMPLAINT

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 23 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
ROZENA LOPEZ

1     Plaintiff June Navarro alleges on information and belief (except as to those allegations

2  regarding herself, which are made on personal knowledge) against defendants as follows:

3                               <u>PARTIES</u>

4     1.     Plaintiff is an individual over the age of 18. She is a resident of Los Angeles

5  County and a citizen of California.

6     2.     Defendant Money Control, Inc. ("Money Control") is a California corporation

7  with its principal place of business in Riverside, California.

8     3.     Defendant Collecto, Inc. d/b/a EOS CCA f/k/a Collection Company of America

9  ("Collecto") is a Massachusetts corporation with its principal place of business in Norwell,

10  Massachusetts. Collecto does regular and continuous business in California.

11     4.     Defendant Sprint Nextel Corporation f/k/a Sprint Corporation ("Sprint") is a

12  Kansas corporation with its principal place of business in Overland Park, Kansas. Sprint does

13  regular and continuous business in California.

14     5.     Defendant Experian Information Solutions, Inc. ("Equifax") is an Ohio

15  corporation with its principal place of business in Orange, California.

16     6.     Defendant Trans Union LLC ("Trans Union") is a Delaware limited liability

17  company with its principal place of business in Chicago, Illinois. TransUnion does regular and

18  continuous business in California.

19     7.     Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited

20  liability company with its principal place of business in Atlanta, Georgia. Equifax does regular

21  and continuous business in California.

22     8.     Defendants Does 1 through 75 are persons or entities whose true names and

23  capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious

24  names. Each of the fictitiously named defendants perpetrated some or all of the wrongful acts

25  alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and

26  severally liable to plaintiff. Plaintiff will seek leave of court to amend this complaint to state

27  the true names and capacities of such fictitiously named defendants when ascertained.

28

- 2 -<br>COMPLAINT

9.     At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.

## OPERATIVE FACTS

10.     Sprint retained Collecto to assist in collecting amounts purportedly due and owing under Sprint PCS Account No. 11270499 (the "Account").

11.     The alleged debt due and owing under the Account was incurred primarily for personal, family or household purposes.

12.     Sprint retained Collecto after the Account was in default.

13.     At all times relevant herein, Collecto was acting as an agent of Sprint and was acting within the course and scope of such agency.

14.     Collecto thereafter retained Money Control to assist in collecting amounts purportedly due and owing under the Account.

15.     At all times relevant herein, Money Control was acting as an agent of Collecto and Sprint, and was acting within the course and scope of such agency.

16.     Plaintiff does not owe any debt to defendants. Plaintiff has never had an account with Sprint PCS.

17.     Within the last year, Money Control and Collecto, as agents of Sprint, have reported to Equifax, Experian and Trans Union (collectively, the "CRAs") that plaintiff owes amounts under the Account and that said Account is in collections.

18.     Plaintiff learned of defendants' inaccurate reporting on or about April 22, 2010. On April 26, 2010, plaintiff notified Money Control in writing that she disputed the reporting of the Account as inaccurate. On June 1, 2010, plaintiff again notified Money Control in writing that she disputed the reporting of the Account as inaccurate.

19.     In or around May 2010, plaintiff contacted Sprint, which confirmed that it did not have any records of a customer with plaintiff's social security number. Sprint, however, did not stop its agents from reporting to the CRAs that plaintiff owes amounts under the Account and that said Account is in collections.

- 3 -
COMPLAINT

20.     In April and May 2010, plaintiff disputed defendants' inaccurate reporting of the Account with the CRAs. The CRAs thereafter notified defendants that plaintiffs disputed the information defendants furnished concerning plaintiff.

21.     Defendants have failed to delete the reporting of the Account from plaintiffs' credit reports, or to inform the CRAs that plaintiff disputes defendants' reporting of the Account.

22.     Plaintiff has suffered actual damages as a result of defendants' unlawful acts, including but not limited to a denial of credit, and severe emotional distress, pain and suffering.

<u>FIRST CAUSE OF ACTION - VIOLATIONS OF THE FAIR DEBT</u>
<u>COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ.</u>

(Against Money Control and Collecto)

23.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

24.     Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive debt collectors contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Thus, Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, <u>et seq.</u> (the "Federal FDCPA") to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." <u>Id.</u> § 1692(e).

25.     Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that she is a natural person obligated or allegedly obligated to pay a debt.

26.     Defendants at all times relevant herein were and are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6). Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and/or

- 4 -
COMPLAINT

1  defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or

2  asserted to be owed or due another.

3      27.    The debt which defendants attempted to collect from plaintiff at all times

4  relevant herein was and is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

5      28.    Defendants violated 15 U.S.C. § 1692e by using false, deceptive or misleading

6  representations or means in connection with the collection of a debt. Among other things,

7  defendants communicated credit information regarding plaintiff to the CRAs defendants knew

8  or should have known was false, and they failed to communicate to the CRAs that plaintiff

9  disputed the debt, in violation of § 1692e(8).

10      29.    Defendants violated 15 U.S.C. § 1692g by failing to provide all of the

11  disclosures required thereunder to plaintiff within the time period provided by that section.

12      30.    As a proximate result of defendants' violations of the Federal FDCPA, plaintiff

13  has been damaged in amounts which are subject to proof, and she is entitled to collect such

14  actual damages from defendants.

15      31.    Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692(k)(2)(A).

16      32.    Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C.

17  § 1692(k)(3).

18      WHEREFORE, plaintiff prays for relief as set forth below.

19  SECOND CAUSE OF ACTION - VIOLATIONS OF THE ROSENTHAL FAIR DEBT

20      COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.

21      (Against Money Control, Collecto and Sprint)

22      33.    Plaintiff realleges and incorporates herein by reference each and every paragraph

23  set forth above.

24      34.    The California Legislature found that "unfair or deceptive debt collection

25  practices undermine the public confidence which is essential to the continued functioning of the

26  banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code

27  § 1788.1(a)(2). Thus, the Legislature enacted the Rosenthal Fair Debt Collection Practices Act,

28  California Civil Code §§ 1788, et seq. (the "Rosenthal FDCPA"), "to prohibit debt collectors

- 5 -

COMPLAINT

1  from engaging in unfair or deceptive acts or practices in the collection of consumer debts and

2  to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code

3  § 1788.1(b).

4    35.    Defendants at all times relevant herein were and are "debt collectors" within the

5  meaning of Civil Code § 1788.2(c). Defendants, regularly and in the ordinary course of

6  business, on behalf of themselves or others, engage in acts and practices in connection with the

7  collection of consumer debt. Sprint had a nondelegable duty under the Rosenthal FDCPA not to

8  allow its agents to violate it, which duties Sprint itself was prohibited from violating.

9    36.    The debt which defendants attempted to collect from plaintiff at all times

10  relevant herein was and is a "consumer debt" within the meaning of Civil Code § 1788.2(f).

11    37.    Plaintiff at all times relevant herein was and is a "debtor" within the meaning of

12  Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought to collect a

13  consumer debt to be due and owing or alleged to be due and owing.

14    38.    Defendants violated the provisions of Civil Code § 1788.17 by using false,

15  deceptive, or misleading misrepresentations or means in connection with the collection of a

16  debt, in violation of 15 U.S.C. § 1692e. Among other things, defendants communicated credit

17  information regarding plaintiff to the CRAs defendants knew or should have known was false,

18  and they failed to communicate to the CRAs that plaintiff disputed the debt, in violation of

19  § 1692e(8).

20    39.    As a proximate result of defendants' violations of the Rosenthal FDCPA,

21  plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to collect

22  such actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C.

23  § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

24    40.    Defendants' violations of the Rosenthal FDCPA were willful and knowing,

25  thereby entitling plaintiff to statutory damages pursuant to Civil Code § 1788.17, incorporating

26  by reference 15 U.S.C. § 1692k(a)(2), or in the alternative, Civil Code § 1788.30(b).

27

28

41.     Plaintiff is entitled to attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

THIRD CAUSE OF ACTION - VIOLATIONS OF THE FAIR CREDIT
REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.

(Against Experian, Trans Union and Equifax)

42.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

43.     The CRAs are consumer reporting agencies within the meaning of 15 U.S.C. § 1681a(f).

44.     Within the last two years and as described herein, plaintiff notified the CRAs of inaccuracies contained in their reports on plaintiff and she has asked the CRAs to reinvestigate and correct the inaccuracy.

45.     The CRAs failed to conduct a reasonable investigation of the alleged debt and plaintiff's dispute of the purported debt.

46.     The CRAs failed to provide timely and complete notification to the furnisher of the disputed information.

47.     The CRAs failed to review and consider all relevant information submitted by plaintiff.

48.     The CRAs violated 15 U.S.C. § 1681i in the respects alleged above and in other ways presently unknown to plaintiff.

49.     Defendants' violations of § 1681i were willful, entitling plaintiff to recover her actual damages pursuant to 15 U.S.C. § 1681n(a)(1) and punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

50.     Defendants' violations of § 1681i were negligent, entitling plaintiff to recover her actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

- 7 -
COMPLAINT

51.     Plaintiff is entitled to an award of attorneys fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) and/or § 1681o(a)(2).

WHEREFORE, plaintiff prays for relief as set forth below.

<u>FOURTH CAUSE OF ACTION - VIOLATIONS OF THE FAIR CREDIT</u>

<u>REPORTING ACT, 15 U.S.C. § 1681s-2(b)</u>

(Against Money Control, Collecto and Sprint)

52.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

53.     Within the last two years and as described herein, defendants furnished inaccurate information about plaintiff to the CRAs.

54.     Within the last two years and as described herein, plaintiff notified defendants that she disputed the inaccurate information reported by them under 15 U.S.C. § 1681i. Defendants received notice of these disputes under § 1681i(a)(2). Defendants were then obligated to reinvestigate these disputes under 15 U.S.C. § 1681s-2(b). Defendants should have determined that the debt was disputed, and that the report they were furnishing was inaccurate, incomplete, or could not be verified.

55.     Under 15 U.S.C. § 1681s-2(b)(1)(E), defendants had a duty to modify the disputed information, delete the disputed information, or permanently block the reporting of the disputed information. However, defendants continued to report the disputed information to the CRAs without noting that plaintiff had disputed the information, in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

56.     Defendants' violations of § 1681s-2(b) were willful, entitling plaintiff to recover her actual damages pursuant to 15 U.S.C. § 1681n(a)(1) and punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

57.     Defendants' violations of § 1681s-2(b) were negligent, entitling plaintiff to recover her actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

58.     Plaintiff is entitled to an award of attorneys fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) and/or § 1681o(a)(2).

1    WHEREFORE, plaintiff prays for relief as set forth below.

2    **FIFTH CAUSE OF ACTION - VIOLATIONS OF THE CONSUMER CREDIT REPORTING**

3    **AGENCIES ACT, CAL. CIV. CODE § 1785.25(a)**

4    (Against Money Control, Collecto and Sprint)

5    59.    Plaintiff realleges and incorporates herein by reference each and every paragraph

6    set forth above.

7    60.    Defendants reported inaccurate information regarding plaintiff to the CRAs,

8    including that plaintiff owed amounts under the Account. Even after learning that plaintiff had

9    a legitimate dispute as to any alleged debt, defendants continued reporting to the CRAs that

10   plaintiff owed a debt, without any notation that plaintiff disputes the alleged debt.

11   61.    The CRAs are consumer credit reporting agencies within the meaning of

12   California Civil Code § 1785.3(d).

13   62.    Defendants violated Civil Code § 1785.25(a) by furnishing information on a

14   specific transaction or experience to the CRAs when they knew or should have known that such

15   information was incomplete or inaccurate.

16   63.    Defendants are liable for said violations pursuant to Civil Code §§ 1785.25(g)

17   and 1785.31.

18   64.    Defendants' violations of the Consumer Credit Reporting Agencies Act were

19   negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31.

20   65.    Defendants' violations of the Consumer Credit Reporting Agencies Act were

21   willful, entitling plaintiff to recover actual damages and punitive damages of between $100 and

22   $5,000 per violation, and any other relief the court deems proper, pursuant to Civil Code

23   § 1785.31.

24   66.    Plaintiff has been aggrieved by defendants' violations described herein, and

25   seeks injunctive relief commanding defendants to delete their credit reporting tradeline from

26   plaintiff's credit reports.

27   67.    Plaintiff is entitled to an award of attorneys fees and costs pursuant to Civil Code

28   § 1785.31(d).

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.     For compensatory damages;

2.     For statutory damages;

3.     For punitive damages;

4.     For injunctive relief;

5.     For pre-judgment interest to the extent permitted by law;

6.     For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7.     For such other and further relief as the Court may deem just and proper.

Dated: July 23, 2010

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

Brandon A. Block

Attorneys for Plaintiff
JUNE NAVARRO

- 10 -
COMPLAINT

NOTICE SENT TO:

Block, Brandon A.
Law Offices of Brandon A. Block
499 North Canon Drive, 4th Floor
Beverly Hills      CA  90210

**FILED**
FILE STAMP SUPERIOR COURT
LOS ANGELES SUPERIOR COURT

AUG 03 2010

JOHN A. CLARKE, CLERK
BY ___ ALBA, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

JUNE NAVARRO

                                    Plaintiff(s),

                VS.

MONEY CONTROL INC ET AL

                                    Defendant(s).

CASE NUMBER

BC442287

### NOTICE OF CASE
### MANAGEMENT CONFERENCE

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  November 23, 2010  at  8:30 am  in  Dept. 53 at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  August 3, 2010

_____
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ / ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date:  August 3, 2010

John A. Clarke, Executive Officer/Clerk

by _____ , Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

Jason C. Wright (State Bar No. 261471)
JONES DAY
555 Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 243-2801
Facsimile: (213) 243-2539
Email: jcwright@jonesday.com

Attorney for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JUNE NAVARRO, an Individual;<br><br>      Plaintiff,<br><br>      vs.<br><br>MARIGOLD FINANCIAL, LLC f//k/a/ MONEY CONTROL, INC., a California limited liability company; COLLECTO, INC. d/b/a EOS CCA f/k/a COLLECTION COMPANY OF AMERICA, a Massachusetts corporation; SPRINT NEXTEL CORPORATION d/b/a SPRINT PCS, f/k/a SPRINT CORPORATION, a Kansas corporation; EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation; TRANS UNION LLC, a Delaware limited liability company; EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company; and DOES 1 through 75, inclusive,<br><br>      Defendants. | Case No. _____<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S JOINDER IN AND CONSENT TO REMOVAL** |

Without waiving any other defenses, Defendant Experian Information Solutions, Inc. hereby joins in and consents to the removal of this action from the Superior Court of the State of California, Los Angeles County, to this Court.

1

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S
JOINDER IN AND CONSENT TO REMOVAL**

1       Experian Information Solutions, Inc. first received a copy of the Complaint,

2   the initial pleading setting forth the claim for relief upon which this action is based,

3   on July 26, 2010.

4

5   DATED:  August 12, 2010          JONES DAY

6

7                                            By:  _____

8                                                 Jason C. Wright

9

10                                               Attorney for Defendant
                                                 EXPERIAN INFORMATION

11                                               SOLUTIONS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3154918.1/SP/83057/1041/081210

1  Thomas P. Quinn, Jr. (State Bar No. 132268)
   NOKES & QUINN
2  410 Broadway, Suite 200
   Laguna Beach, CA 92651
3  Telephone: (949) 376-3500
   Facsimile:  (408) 376-3070
4  Email: tquinn@nokesquinn.com

5  Attorney for Defendant
   EQUIFAX INFORMATION SERVICES LLC
6

7            UNITED STATES DISTRICT COURT

8    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

9
   JUNE NAVARRO, an Individual;          Case No. _____
10
              Plaintiff,
11                                       **DEFENDANT EQUIFAX**
                                         **INFORMATION SERVICES,**
12       vs.                             **LLC'S JOINDER IN AND**
                                         **CONSENT TO REMOVAL**
13  MARIGOLD FINANCIAL, LLC f//k/a/
   MONEY CONTROL, INC., a California
14  limited liability company; COLLECTO,
   INC. d/b/a EOS CCA f/k/a
15  COLLECTION COMPANY OF
   AMERICA, a Massachusetts corporation;
16  SPRINT NEXTEL CORPORATION d/b/a
   SPRINT PCS, f/k/a SPRINT
17  CORPORATION, a Kansas corporation;
   EXPERIAN INFORMATION
18  SOLUTIONS, INC., an Ohio
   corporation; TRANS UNION LLC, a
19  Delaware limited liability company;
20  EQUIFAX INFORMATION SERVICES,
   LLC, a Georgia limited liability
21  company; and DOES 1 through 75,
   inclusive,
22
              Defendants.
23

24

25        Without  waiving  any  other  defenses,  Defendant  Equifax  Information

26  Services LLC hereby joins in and consents to the removal of this action from the

27  Superior Court of the State of California, Los Angeles County, to this Court.

28
                                1
   _____
   DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
        JOINDER IN AND CONSENT TO REMOVAL

3154930.1/SP/83057/1041/082510

1       Equifax Information Services LLC first received a copy of the Complaint,

2  the initial pleading setting forth the claim for relief upon which this action is based,

3  on July 26, 2010.

4

5  DATED: August 17, 2010     NOKES & QUINN

6

7                   By: _____

8                      Thomas P. Quinn, Jr.

9                      Attorney for Defendant
                         **EQUIFAX INFORMATION SERVICES LLC**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Robert Berglund (State Bar No. 234081)
   CARLSON & MESSER LLP
2  5959 W. Century Blvd., Suite 1214
   Los Angeles, CA 90045
3  Telephone: (310) 242-2211
   Facsimile:  (310) 242-2222
4  Email: berglunr@cmtlaw.com

5  Attorney for Defendant
   COLLECTO, INC.
6

7                    UNITED STATES DISTRICT COURT

8        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

9

10  JUNE NAVARRO, an Individual;           Case No. _____

11              Plaintiff,

                                           **DEFENDANT COLLECTO,**
12      vs.                                **INC'S JOINDER IN AND**
                                           **CONSENT TO REMOVAL**
13  MARIGOLD FINANCIAL, LLC f//k/a/
    MONEY CONTROL, INC., a California
14  limited liability company; COLLECTO,
    INC. d/b/a EOS CCA f/k/a
15  COLLECTION COMPANY OF
    AMERICA, a Massachusetts corporation;
16  SPRINT NEXTEL CORPORATION d/b/a
    SPRINT PCS, f/k/a SPRINT
17  CORPORATION, a Kansas corporation;
    EXPERIAN INFORMATION
18  SOLUTIONS, INC., an Ohio
    corporation; TRANS UNION LLC, a
19  Delaware limited liability company;
20  EQUIFAX INFORMATION SERVICES,
    LLC, a Georgia limited liability
21  company; and DOES 1through 75,
    inclusive,
22
23              Defendants.
24

25       Without waiving any other defenses, Defendant Collecto, Inc. hereby joins

26  in and consents to the removal of this action from the Superior Court of the State

27  of California, Los Angeles County, to this Court.

28

                                      1

1    Collecto, Inc. was served with a copy of the Complaint, the initial pleading

2  setting forth the claim for relief upon which this action is based, on July 30, 2010.

3

4  DATED:  August 17, 2010          CARLSON & MESSER, LLP

5

6                                   By:  _Robert D. Berglund_____

7                                        Robert D. Berglund

8                                        Attorney for Defendant
                                         COLLECTO, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greg Merilliod
3637 9th Street
P.O. Box 49990
Riverside, CA 92501
Telephone: (951) 789-8111
Facsimile: (951) 368-1711
Email: greg@matigoldfinancial.com

Client Representative For Defendant
MARIGOLD FINANCIAL, LLC f/k/a MONEY CONTROL, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JUNE NAVARRO, an Individual;<br><br>        Plaintiff,<br><br>    vs.<br><br>MARIGOLD FINANCIAL, LLC f//k/a/ MONEY CONTROL, INC., a California limited liability company; COLLECTO, INC. d/b/a EOS CCA f/k/a COLLECTION COMPANY OF AMERICA, a Massachusetts corporation; SPRINT NEXTEL CORPORATION d/b/a SPRINT PCS, f/k/a SPRINT CORPORATION, a Kansas corporation; EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation; TRANS UNION LLC, a Delaware limited liability company; EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company; and DOES 1 through 75, inclusive,<br><br>        Defendants. | Case No. _____<br><br>**DEFENDANT MARIGOLD FINANCIAL, LLC'S JOINDER IN AND CONSENT TO REMOVAL** |

Without waiving any other defenses, Defendant Marigold Financial, LLC, formerly known as Money Control, Inc., hereby joins in and consents to the removal of this action from the Superior Court of the State of California, Los Angeles County, to this Court.

1

3155091.1/SP/83057/1041/082510

1    Marigold Financial, LLC was served with a copy of Plaintiff's First
2  Amended Complaint, the initial pleading setting forth the claim for relief upon
3  which this action is based on August 3, 2010.

4

5  DATED:  August 24, 2010

6

7                          By: _____

8                               Greg Merilliod

9                               Client Representative for Defendant
10                              MARIGOLD FINANCIAL, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MARIGOLD FINANCIAL, LLC'S JOINDER IN AND CONSENT TO REMOVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

3154833.1/SP/83057/1041/082410

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 3 – 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
MARY E. GARCIA

1  Brandon A. Block (State Bar No.: 215888)
   LAW OFFICES OF BRANDON A. BLOCK
2  A PROFESSIONAL CORPORATION
   499 North Canon Drive, 4th Floor
3  Beverly Hills, CA 90210
   Tel: 310.887.7017
4  Fax: 310.496.1420
   Email: brandon@bblocklaw.com
5
   Attorneys for Plaintiff
6  JUNE NAVARRO

7

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        FOR THE COUNTY OF LOS ANGELES

11  JUNE NAVARRO, an individual,              CASE NO. BC442287

12            Plaintiff,                       Assigned for all purposes to the Honorable
                                               John P. Shook, Dept. 53
13        vs.
                                               **FIRST AMENDED COMPLAINT**
14  MARIGOLD FINANCIAL, LLC f/k/a              **FOR:**
    MONEY CONTROL, INC., a California
15  limited liability company; COLLECTO,       **(1) VIOLATIONS OF THE**
    INC. d/b/a EOS CCA f/k/a                        **ROSENTHAL FAIR DEBT**
16  COLLECTION COMPANY OF                           **COLLECTION PRACTICES ACT;**
    AMERICA, a Massachusetts corporation;
17  SPRINT NEXTEL CORPORATION                  **(2) VIOLATIONS OF THE FEDERAL**
    d/b/a SPRINT PCS f/k/a SPRINT                  **FAIR DEBT COLLECTION**
18  CORPORATION, a Kansas corporation;            **PRACTICES ACT;**
    EXPERIAN INFORMATION
19  SOLUTIONS, INC., an Ohio                   **(3) VIOLATIONS OF THE FAIR**
    corporation; TRANS UNION LLC, a                **CREDIT REPORTING ACT; AND**
20  Delaware limited liability company;
    EQUIFAX INFORMATION SERVICES             **(4) VIOLATIONS OF CALIFORNIA'S**
21  LLC, a Georgia limited liability              **CONSUMER CREDIT**
    company; and DOES 1 through 75,              **REPORTING AGENCIES ACT**
22  inclusive,
                                               **JURY TRIAL DEMANDED**
23            Defendants.

24

25                                           BY FAX

26

27

28

- 1 -
FIRST AMENDED COMPLAINT

Plaintiff June Navarro alleges on information and belief (except as to those allegations regarding herself, which are made on personal knowledge) against defendants as follows:

<u>PARTIES</u>

1.      Plaintiff is an individual over the age of 18. She is a resident of Los Angeles County and a citizen of California.

2.      Defendant Marigold Financial, LLC f/k/a Money Control, Inc. ("Marigold Financial") is a California limited liability company with its principal place of business in Riverside, California. Marigold Financial is the successor-in-interest to Money Control, Inc., a California corporation.

3.      Defendant Collecto, Inc. d/b/a EOS CCA f/k/a Collection Company of America ("Collecto") is a Massachusetts corporation with its principal place of business in Norwell, Massachusetts. Collecto does regular and continuous business in California.

4.      Defendant Sprint Nextel Corporation f/k/a Sprint Corporation ("Sprint") is a Kansas corporation with its principal place of business in Overland Park, Kansas. Sprint does regular and continuous business in California.

5.      Defendant Experian Information Solutions, Inc. ("Equifax") is an Ohio corporation with its principal place of business in Orange, California.

6.      Defendant Trans Union LLC ("Trans Union") is a Delaware limited liability company with its principal place of business in Chicago, Illinois. TransUnion does regular and continuous business in California.

7.      Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company with its principal place of business in Atlanta, Georgia. Equifax does regular and continuous business in California.

8.      Defendants Does 1 through 75 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names. Each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and

1   severally liable to plaintiff. Plaintiff will seek leave of court to amend this complaint to state

2   the true names and capacities of such fictitiously named defendants when ascertained.

3       9.    At all times mentioned herein, each defendant was the agent or employee of each

4   of the other defendants and was acting within the course and scope of such agency or

5   employment.

6   <u>OPERATIVE FACTS</u>

7       10.    Sprint retained Collecto to assist in collecting amounts purportedly due and

8   owing under Sprint PCS Account No. 11270499 (the "Account").

9       11.    The alleged debt due and owing under the Account was incurred primarily for

10  personal, family or household purposes.

11      12.    Sprint retained Collecto after the Account was in default.

12      13.    At all times relevant herein, Collecto was acting as an agent of Sprint and was

13  acting within the course and scope of such agency.

14      14.    Collecto thereafter retained Marigold Financial, then known as Money Control,

15  Inc., to assist in collecting amounts purportedly due and owing under the Account.

16      15.    At all times relevant herein, Marigold Financial was acting as an agent of

17  Collecto and Sprint, and was acting within the course and scope of such agency.

18      16.    Plaintiff does not owe any debt to defendants. Plaintiff has never had an account

19  with Sprint PCS.

20      17.    Within the last year, Marigold Financial and Collecto, as agents of Sprint, have

21  reported to Equifax, Experian and Trans Union (collectively, the "CRAs") that plaintiff owes

22  amounts under the Account and that said Account is in collections.

23      18.    Plaintiff learned of defendants' inaccurate reporting on or about April 22, 2010.

24  On April 26, 2010, plaintiff notified Marigold Financial in writing that she disputed the

25  reporting of the Account as inaccurate. On June 1, 2010, plaintiff again notified Marigold

26  Financial in writing that she disputed the reporting of the Account as inaccurate.

27      19.    In or around May 2010, plaintiff contacted Sprint, which confirmed that it did

28  not have any records of a customer with plaintiff's social security number. Sprint, however, did

1   not stop its agents from reporting to the CRAs that plaintiff owes amounts under the Account

2   and that said Account is in collections.

3       20.    In April and May 2010, plaintiff disputed defendants' inaccurate reporting of the

4   Account with the CRAs. The CRAs thereafter notified defendants that plaintiffs disputed the

5   information defendants furnished concerning plaintiff.

6       21.    Defendants have failed to delete the reporting of the Account from plaintiffs'

7   credit reports, or to inform the CRAs that plaintiff disputes defendants' reporting of the

8   Account.

9       22.    Plaintiff has suffered actual damages as a result of defendants' unlawful acts,

10   including but not limited to a denial of credit, and severe emotional distress, pain and suffering.

11   <u>FIRST CAUSE OF ACTION - VIOLATIONS OF THE FAIR DEBT</u>

12   <u>COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ.</u>

13   (Against Marigold Financial, Collecto and Does 1 through 50)

14       23.    Plaintiff realleges and incorporates herein by reference each and every paragraph

15   set forth above.

16       24.    Congress has found that "[t]here is abundant evidence of the use of abusive,

17   deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive

18   debt collectors contribute to the number of personal bankruptcies, to marital instability, to the

19   loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Thus, Congress

20   enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, <u>et seq.</u> (the "Federal

21   FDCPA") to "eliminate abusive debt collection practices by debt collectors, to insure that those

22   debt collectors who refrain from using abusive debt collection practices are not competitively

23   disadvantaged, and to promote consistent State action to protect consumers against debt

24   collection abuses." <u>Id.</u> § 1692(e).

25       25.    Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that she

26   is a natural person obligated or allegedly obligated to pay a debt.

27       26.    Defendants at all times relevant herein were and are "debt collectors" within the

28   meaning of 15 U.S.C. § 1692a(6). Defendants use instrumentalities of interstate commerce or

FIRST AMENDED COMPLAINT

1   the mails in a business the principal purpose of which is the collection of debts, and/or

2   defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or

3   asserted to be owed or due another.

4        27.    The debt which defendants attempted to collect from plaintiff at all times

5   relevant herein was and is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

6        28.    Defendants violated 15 U.S.C. § 1692e by using false, deceptive or misleading

7   representations or means in connection with the collection of a debt. Among other things,

8   defendants communicated credit information regarding plaintiff to the CRAs defendants knew

9   or should have known was false, and they failed to communicate to the CRAs that plaintiff

10  disputed the debt, in violation of § 1692e(8).

11       29.    Defendants violated 15 U.S.C. § 1692g by failing to provide all of the

12  disclosures required thereunder to plaintiff within the time period provided by that section.

13       30.    As a proximate result of defendants' violations of the Federal FDCPA, plaintiff

14  has been damaged in amounts which are subject to proof, and she is entitled to collect such

15  actual damages from defendants.

16       31.    Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692(k)(2)(A).

17       32.    Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C.

18  § 1692(k)(3).

19       WHEREFORE, plaintiff prays for relief as set forth below.

20  SECOND CAUSE OF ACTION - VIOLATIONS OF THE ROSENTHAL FAIR DEBT

21       COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.

22            (Against Marigold Financial, Collecto, Sprint and Does 1 through 50)

23       33.    Plaintiff realleges and incorporates herein by reference each and every paragraph

24  set forth above.

25       34.    The California Legislature found that "unfair or deceptive debt collection

26  practices undermine the public confidence which is essential to the continued functioning of the

27  banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code

28  § 1788.1(a)(2). Thus, the Legislature enacted the Rosenthal Fair Debt Collection Practices Act,

- 5 -

FIRST AMENDED COMPLAINT

California Civil Code §§ 1788, et seq. (the "Rosenthal FDCPA"), "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1(b).

35.     Defendants at all times relevant herein were and are "debt collectors" within the meaning of Civil Code § 1788.2(c). Defendants, regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of consumer debt. Sprint had a nondelegable duty under the Rosenthal FDCPA not to allow its agents to violate it, which duties Sprint itself was prohibited from violating.

36.     The debt which defendants attempted to collect from plaintiff at all times relevant herein was and is a "consumer debt" within the meaning of Civil Code § 1788.2(f).

37.     Plaintiff at all times relevant herein was and is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought to collect a consumer debt to be due and owing or alleged to be due and owing.

38.     Defendants violated the provisions of Civil Code § 1788.17 by using false, deceptive, or misleading misrepresentations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e. Among other things, defendants communicated credit information regarding plaintiff to the CRAs defendants knew or should have known was false, and they failed to communicate to the CRAs that plaintiff disputed the debt, in violation of § 1692e(8).

39.     As a proximate result of defendants' violations of the Rosenthal FDCPA, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to collect such actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

40.     Defendants' violations of the Rosenthal FDCPA were willful and knowing, thereby entitling plaintiff to statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2), or in the alternative, Civil Code § 1788.30(b).

- 6 -

FIRST AMENDED COMPLAINT

1       41.    Plaintiff is entitled to attorneys fees and costs pursuant to Civil Code § 1788.17,

2  incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code

3  § 1788.30(c).

4       WHEREFORE, plaintiff prays for relief as set forth below.

5          <u>THIRD CAUSE OF ACTION - VIOLATIONS OF THE FAIR CREDIT</u>

6               <u>REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.</u>

7          (Against Experian, Trans Union, Equifax and Does 51 through 75)

8       42.   Plaintiff realleges and incorporates herein by reference each and every paragraph

9  set forth above.

10      43.    The CRAs are consumer reporting agencies within the meaning of 15 U.S.C.

11  § 1681a(f).

12      44.    Within the last two years and as described herein, plaintiff notified the CRAs of

13  inaccuracies contained in their reports on plaintiff and she has asked the CRAs to reinvestigate

14  and correct the inaccuracy.

15      45.    The CRAs failed to conduct a reasonable investigation of the alleged debt and

16  plaintiff's dispute of the purported debt.

17      46.    The CRAs failed to provide timely and complete notification to the furnisher of

18  the disputed information.

19      47.    The CRAs failed to review and consider all relevant information submitted by

20  plaintiff.

21      48.    The CRAs violated 15 U.S.C. § 1681i in the respects alleged above and in other

22  ways presently unknown to plaintiff.

23      49.    Defendants' violations of § 1681i were willful, entitling plaintiff to recover her

24  actual damages pursuant to 15 U.S.C. § 1681n(a)(1) and punitive damages pursuant to 15

25  U.S.C. § 1681n(a)(2).

26      50.    Defendants' violations of § 1681i were negligent, entitling plaintiff to recover

27  her actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

28

FIRST AMENDED COMPLAINT

51.     Plaintiff is entitled to an award of attorneys fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) and/or § 1681o(a)(2).

WHEREFORE, plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b)

(Against Marigold Financial, Collecto, Sprint and Does 1 through 50)

52.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

53.     Within the last two years and as described herein, defendants furnished inaccurate information about plaintiff to the CRAs.

54.     Within the last two years and as described herein, plaintiff notified defendants that she disputed the inaccurate information reported by them under 15 U.S.C. § 1681i. Defendants received notice of these disputes under § 1681i(a)(2). Defendants were then obligated to reinvestigate these disputes under 15 U.S.C. § 1681s-2(b). Defendants should have determined that the debt was disputed, and that the report they were furnishing was inaccurate, incomplete, or could not be verified.

55.     Under 15 U.S.C. § 1681s-2(b)(1)(E), defendants had a duty to modify the disputed information, delete the disputed information, or permanently block the reporting of the disputed information. However, defendants continued to report the disputed information to the CRAs without noting that plaintiff had disputed the information, in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

56.     Defendants' violations of § 1681s-2(b) were willful, entitling plaintiff to recover her actual damages pursuant to 15 U.S.C. § 1681n(a)(1) and punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

57.     Defendants' violations of § 1681s-2(b) were negligent, entitling plaintiff to recover her actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

58.     Plaintiff is entitled to an award of attorneys fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) and/or § 1681o(a)(2).

- 8 -

1  WHEREFORE, plaintiff prays for relief as set forth below.

2 <u>FIFTH CAUSE OF ACTION - VIOLATIONS OF THE CONSUMER CREDIT REPORTING</u>

3     <u>AGENCIES ACT, CAL. CIV. CODE § 1785.25(a)</u>

4    (Against Marigold Financial, Collecto, Sprint and Does 1 through 50)

5    59.  Plaintiff realleges and incorporates herein by reference each and every paragraph

6 set forth above.

7    60.  Defendants reported inaccurate information regarding plaintiff to the CRAs,

8 including that plaintiff owed amounts under the Account. Even after learning that plaintiff had

9 a legitimate dispute as to any alleged debt, defendants continued reporting to the CRAs that

10 plaintiff owed a debt, without any notation that plaintiff disputes the alleged debt.

11    61.  The CRAs are consumer credit reporting agencies within the meaning of

12 California Civil Code § 1785.3(d).

13    62.  Defendants violated Civil Code § 1785.25(a) by furnishing information on a

14 specific transaction or experience to the CRAs when they knew or should have known that such

15 information was incomplete or inaccurate.

16    63.  Defendants are liable for said violations pursuant to Civil Code §§ 1785.25(g)

17 and 1785.31.

18    64.  Defendants' violations of the Consumer Credit Reporting Agencies Act were

19 negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31.

20    65.  Defendants' violations of the Consumer Credit Reporting Agencies Act were

21 willful, entitling plaintiff to recover actual damages and punitive damages of between $100 and

22 $5,000 per violation, and any other relief the court deems proper, pursuant to Civil Code

23 § 1785.31.

24    66.  Plaintiff has been aggrieved by defendants' violations described herein, and

25 seeks injunctive relief commanding defendants to delete their credit reporting tradeline from

26 plaintiff's credit reports.

27    67.  Plaintiff is entitled to an award of attorneys fees and costs pursuant to Civil Code

28 § 1785.31(d).

- 9 -

FIRST AMENDED COMPLAINT

WHEREFORE, plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.     For compensatory damages;

2.     For statutory damages;

3.     For punitive damages;

4.     For injunctive relief;

5.     For pre-judgment interest to the extent permitted by law;

6.     For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7.     For such other and further relief as the Court may deem just and proper.

Dated: August 2, 2010

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

Brandon A. Block

Attorneys for Plaintiff
JUNE NAVARRO

- 10 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## EDCV10- 1285 VAP (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

June Navarro

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

**DEFENDANTS**

Marigold Financial, LLC, Collecto, Inc., Sprint Nextel Corporation, Experian Information Solutions, Inc., Trans Union LLC, Equifax Information Services LLC, and DOES 1-75,

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

See Attached

Attorneys (If Known)

See Attached

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. § 1681 et seq.; Federal Fair Credit Reporting Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 444 Welfare | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 895 Freedom of Information Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 865 RSI (405(g)) |
| ☒ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | | | | **FEDERAL TAX SUITS** |
| | ☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____ EDCV10-1285

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

---

**VIII(b).  RELATED CASES:**  Have any cases been previously filed that are related to the present case? ☒ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Appear to arise from the same or substantially identical transactions, happenings, or events;
  ☐ B.  Involve the same or substantially the same parties or property;
  ☐ C.  Involve the same patent, trademark or copyright;
  ☐ D.  Call for determination of the same or substantially identical questions of law, or
  ☐ E.  Likely for other reasons  may entail unnecessary duplication of labor if heard by different judges.

---

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

   Los Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
   ☐  Check here if the U.S. government, its agencies or employees is a named defendant.
   Trans Union - Illinois;  Marigold Financial, LLC - Riverside County, CA;
   Collecto, Inc. - Massachusetts;  Sprint Nextel Corporation - Kansas;
   Experian Information Solutions, Inc. - Texas;  Equifax Information Services, Inc. - Georgia

List the **California County**, or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

   Los Angeles County

---

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date _____   August 25, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

---

CV-71 (01/03)                               **CIVIL COVER SHEET**                               Page 2 of 2

1 | **MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
2 | COSTA MESA, CALIFORNIA  92626-1925
TELEPHONE 714-668-2400
FACSIMILE 714-668-2490
3 |

4 | Donald E. Bradley (State Bar No. 145037)
d.bradley@mpglaw.com
5 |

6 | Attorney for Defendant Trans Union LLC

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

10 |

11 | JUNE NAVARRO, an Individual;          Case No. ___**EDCV10-1285**___

12 | Plaintiff,

13 | vs.                                   **ATTACHMENT TO THE CIVIL COVER SHEET**

14 | MARIGOLD FINANCIAL, LLC f//k/a/

15 | MONEY CONTROL, INC., a California limited liability company; COLLECTO,

16 | INC. d/b/a EOS CCA f/k/a COLLECTION COMPANY OF

17 | AMERICA, a Massachusetts corporation; SPRINT NEXTEL

18 | CORPORATION d/b/a SPRINT PCS, f/k/a SPRINT CORPORATION, a

19 | Kansas corporation; EXPERIAN

20 | INFORMATION SOLUTIONS, INC., an Ohio

21 | corporation; TRANS UNION LLC, a Delaware limited liability company;

22 | EQUIFAX INFORMATION

23 | SERVICES, LLC, a Georgia limited liability

24 | company; and DOES 1through 75, inclusive,

25 | Defendants.

26 |

27 | ///

28 | ///

702824.1                                    1

**ATTACHMENT TO CIVIL COVER SHEET**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Brandon A. Block (State Bar No. 215888)
LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
499 North Cannon Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: 310-887-7017
Facsimile:  310-496-1420
brandon@bblocklaw.com
*Attorney for Plaintiff*

Donald E. Bradley (State Bar No. 145037)
MUSICK, PEELER & GARRETT LLP
650 Town Center Drive,
Suite 1200
Costa Mesa, CA  92626-1925
Telephone: (714) 668-2400
Facsimile:   (714) 668-2490
d.bradley@mpglaw.com
*Attorney for Defendant Trans Union LLC*

702824.1

2

ATTACHMENT TO CIVIL COVER SHEET

1   Thomas P. Quinn, Jr. (State Bar No. 132268)   Jason C. Wright (State Bar No. 261471)
     NOKES & QUINN                   JONES DAY

2   410 Broadway, Suite 200        555 South Flower Street, Fiftieth Floor
     Laguna Beach, CA 92651         Los Angeles, CA 90071

3   Telephone: (949) 376-3500       Telephone: (213) 243-2810
     Facsimile:  (408) 376-3070       Facsimile:  (213) 243-2539

4   tquinn@nokesquinn.com         jcwright@jonesday.com
     **Attorney for Defendant**        **Attorney for Defendant**

5   **Equifax Information Services, LLC**   **Experian Information Solutions, Inc.**

6

7   Robert Berglund (State Bar No. 234081)     Greg Merilliod
     CARLSON & MESSER LLP          MARIGOLD FINANCIAL, LLC

8   5959 W. Century Blvd           3637 9th Street
     Suite 1214                   P.O. Box 49990

9   Los Angeles, CA 90045         Riverside, CA 92501
     Telephone: (310) 242-2211       Telephone: (951) 789-8111

10  Facsimile:  (310) 242-2222       Facsimile:  (951) 368-1711
     Email: berglunr@cmtlaw.com      Email: greg@marigoldfinancial.com

11  **Attorney for Defendant**        **Representative for Defendant**
     **Collecto, Inc.**            **Marigold financial, LLC.**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28