UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE NAVARRO, an individual<br><br>Plaintiff,<br><br>vs.<br><br>MARIGOLD FINANCIAL, LLC f/k/a MONEY CONTROL, INC., a California limited liability company; COLLECTO, INC. d/b/a EOS CCA f/k/a COLLECTION COMPANY OF AMERICA, a Massachusetts corporation; SPRINT NEXTEL CORPORATION d/b/a SPRINT PCS f/k/a SPRINT CORPORATION, a Kansas Corporation; EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation; TRANS UNION LLC, a Delaware limited liability company; EQUIFAX INFORMATION SERVICES LLC, a Georgia limited liability company; and DOES 1-75, inclusive,<br><br>Defendants. | CASE NO. 10-cv-06463-SJO (JCGx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>NOTE CHANGES MADE BY THE COURT. |

    The parties hereto, by their respective counsel, having upon the terms and conditions of a confidentiality and protective order, it is therefore:

    **ORDERED** that pursuant to Fed. R. Civ. P., Rule 26 (c), the following provisions shall govern the handling of such confidential information and

1

documents for pre-trial purposes in this action:

1. **Definitions**

For purposes of this Order:

(a) "confidential information" means information which the designating party deems to constitute trade secrets, know-how, proprietary data and/or commercial or financial information which the designating party has maintained in confidence. It shall be the duty of the party who seeks to invoke protection under this Order to give notice, in the manner set forth hereinafter, of the documents and testimony to be covered hereby, and the duty of any other party or person to maintain confidentiality hereunder shall commence with such notice.

(b) "Producing party" or "designating party" shall mean the party (and its outside counsel) who is producing information to another party and who deems that information confidential.

(c) "Inspecting party" or "non-designating party" shall mean the party (and its outside counsel) who receives the confidential information supplied by the producing party.

(d) "Outside counsel" shall mean the law firms engaged by the plaintiff and the defendant to represent them in this litigation.

(e) "Document" shall mean any "writing", "recording", or "photograph," and any "original" or "duplicate" thereof, as those terms are defined in Rule 1001 of the Federal Rules of Evidence.

(f) "Party," in the case of a party to this action which is a corporation, means any officer, director, shareholder or employee of such party, all of whom shall be bound by the provisions of this Protective Order.

(g) "Produce" means the transmission of any "document" during the course of and in connection with this litigation, including appeals therefore, to a "party" or its "attorneys," whether voluntary or involuntary, whether pursuant to request or legal process, and whether in accordance with the Federal Rules of Civil

Procedure or otherwise.

(h) "Person" means, in the plural as well as the singular, any individual, corporation, firm, association, partnership, business trust, government body or any other legal or business entity, unless specified herein to the contrary.

## 2. Documents

(a) Documents produced in the course of discovery herein (either formally or informally) which the producing party deems to contain confidential information may be designated as confidential by the producing party and the documents or portions thereof deemed to be confidential which are copied and delivered to counsel for the inspecting party shall be marked "CONFIDENTIAL".

(b) The producing party shall designate the document as confidential at the time of its production and/or inspection by the inspecting party.

## 3. Deposition Testimony

If confidential information is contained in deposition, or other pre-trial testimony, the transcript may be designated as containing confidential information in accordance with this Order by notifying the other party (1) on the record, at the time of the testimony, or (2) in writing, within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which contain confidential information. At any deposition session when outside counsel for a party deems that the answer to a question will result in the disclosure of confidential information within the meaning of this Order, outside counsel may direct that the question and answer be transcribed separately from the remainder of the deposition and if filed with the Court, shall be filed in a sealed envelope marked in the manner set forth in Paragraph "5" hereof. When such a direction has been given, the testimony shall be disclosed only to those individuals specified in Paragraph "6" hereof. Outside counsel for the party whose confidential information is involved may also request that all persons other than the reporter, outside counsel, and individuals specified in

1 | Paragraph "6" hereof leave the deposition room during the confidential portion of
2 | the deposition. The failure of such other persons to comply with a request of this
3 | type shall constitute substantial justification of outside counsel to advise the witness
4 | that he need not answer a question seeking the revelation of confidential
5 | information.
6 |     4.    **Interrogatory Answers**
7 |     If an interrogatory answer contains confidential information, the answer shall
8 | be provided in a separate document, appended to the main body of answers and
9 | incorporated by reference therein. The response to the interrogatory in the main
10 | body of the answers should be "Requests confidential information, see response in
11 | confidential addendum, which response is incorporated fully herein by reference".
12 |     5.    Any confidential information including, transcripts of depositions or
13 | portions thereof, exhibits, answers to interrogatories, and responses to requests for
14 | admissions which have therefore been designated as comprising or containing
15 | confidential information, or any pleading or memorandum or other document
16 | purporting to reproduce or paraphrase such information, if filed with the Court, shall
17 | comply strictly with L.R. 79-5.1. ~~be filed in sealed envelopes or other appropriately sealed containers on which shall~~
18 | be endorsed the title of this action, an indication of the nature of ~~its~~ contents, the
19 | word "Confidential" and a statement substantially ~~in~~ the following terms:
20 |     "CONFIDENTIAL. Filed Pursuant to Protective Order by
21 | _____. Not to be opened nor the contents revealed except (1) to
22 |     the Court and then resealed, (2) by agreement of the parties, or (3) by
23 |     prior order of this Court."
24 | ~~The party filing the documents shall serve notice upon all other parties that the~~
25 | ~~above procedure is being invoked.~~
26 |     At any pre-trial hearing in this action before any judicial officer, subject to
27 | the rules of evidence and order of the Court, a party may use any confidential
28 | information for any purpose, ~~provided that notice of such use is given to counsel for~~ Any issues concerning the use of confidential materials are reserved for the judicial officer conducting the proceeding.

1 ~~the opposing party at least five days prior to any hearing.~~

2   6.   (a)   Each and every page or sheet of all transcripts of depositions, exhibits, answers to interrogatories and requests for admissions, copies thereof, other documents and all information obtained by an inspection of files, facilities or documents by any party pursuant to pretrial discovery in this action that have been designated by the other party as comprising or containing its confidential information shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall be retained by the receiving party's outside counsel and shall not be disclosed or used by any non-designating party or other person other than those listed below.

   (b)   Confidential information shall not be disclosed to any person other than (i) the parties to this case and their outside counsel, including office personnel employed or engaged in the preparation for, or in aiding in the trial of this action; (ii) independent outside persons (i.e., persons not employees of a party), requested by outside counsel to furnish technical or expert services or to give testimony with respect to the subject matter for the trial of this action; and (iii) the Court including necessary secretarial and clerical personnel assisting the Court.

   (c)   Each person in subpart (b)(ii) above to whom disclosure may be made by outside counsel for a non-designating party shall first be identified not less than ten (10) business days before the disclosure, to outside counsel for the party designating the information as confidential and shall, in a written instrument delivered beforehand to such outside counsel, acknowledge that he (or she) is fully familiar with the terms of this Protective Order and agrees in writing, to comply with, and be bound by, such Order until modified by further Order of this Court or by agreement of the parties hereto.

   The designating party shall have the right to object to disclosure to a person selected by outside counsel for the non-designating party. Should such objection be made, the designating party shall follow the procedure in Paragraph "8" below with

1  respect to disagreements as to the confidentiality of information. No disclosure
2  shall be made to such objected to person until there is a resolution of the issue by
3  the parties or the Court.

4      7.    No person or party shall disclose to anyone not specified in Paragraph
5  "6" any information designated as confidential under this Protective Order, without
6  prior written consent of the designating party or further order of this Court.
7  Confidential information disclosed pursuant to this Protective Order shall not be
8  used by a recipient thereof for any purpose other than for purposes of preparing this
9  action for trial.

10      8.    The restrictions on dissemination of confidential information contained
11  herein shall not apply to information which, prior to disclosure hereunder, is either
12  in the possession or knowledge of an inspecting party or a person who, absent this
13  Order, is under no restriction with respect to the dissemination of such confidential
14  information or to information which is public knowledge or which, after disclosure,
15  becomes public knowledge other than through an act of omission of a party
16  receiving the information designated as confidential, provided that if a party to this
17  Order who is to receive any confidential information disagrees with respect to its
18  designation as confidential information, in full or in part, including for the reason
19  set forth in the beginning of this paragraph, it shall so notify the producing party in
20  writing, and they will thereupon confer as to the status of the subject information
21  proffered within the context of this Order within ten (10) days of the sending of
22  such notice. If the recipient and producing parties are unable to agree to the status
23  of the subject information, the designating party ~~shall file a motion for a~~ protective [may file a motion]
24  order with the Court. ~~The Court may raise the issue of the designation of the~~ [that strictly complies with L.R. 37.]
25  ~~confidential status without any request from a party~~. [The Court reserves all discretion.] In any disagreement over the
26  designation of confidential information, the designating party bears the burden of
27  showing that the designated information is confidential information within the
28  scope of this Order. No party to this action shall be obligated to challenge the

1 propriety of any designation, and a failure to do so shall not preclude a subsequent
2 challenge on the propriety of such designation and shall not constitute an admission
3 that any information is in fact confidential.
4     9. This Order is intended to provide a mechanism for the pre-trial
5 handling of confidential information and documents, to the disclosure or production
6 of which there is no objection other than confidentiality. Each party reserves the
7 right to object to any disclosure of information or production of any documents it
8 deems confidential on any other ground it may deem appropriate, and any party may
9 move for relief from, or general or particular modification of, the mechanism for
10 maintaining confidentiality herein set forth or the application of this Order in any
11 particular circumstance. This Order will not apply to any trial of this action. ~~A~~
12 ~~party seeking to avoid disclosure of information at trial must obtain a protective~~
13 ~~order from the Court.~~ The parties shall take up the issue of trial w/ the judicial officer conducting the proceeding.
14     10. ~~This Protective Order may be amended without leave of Court by the~~
15 ~~agreement of outside counsel for the parties in the form of a stipulation that shall be~~
16 ~~filed in this case. If the parties cannot agree to an amendment then a formal motion~~
17 ~~to amend must be filed with the Court.~~ This Protective Order is intended to regulate
18 the handling of confidential information and documents during the pretrial period of
19 this litigation, and shall remain in force and effect during that period until modified,
20 superseded or terminated on the record ~~by agreement of the parties hereto or~~ by
21 order of the Court.
22     11. Upon final termination of this litigation, each party that is subject to
23 this Order shall assemble and return to the producing party all items containing the
24 producing party's confidential information produced in accordance with this Order,
25 including all copies of such matter which may have been made, but not including
26 copies containing notes or other attorney work product that may have been place
27 thereon by counsel for the receiving party. All copies containing notes or other
28 attorney's work product shall be destroyed promptly after final termination by the

receiving party who will so inform the disclosing party. As an alternative to the return of all such confidential information, the recipient may destroy such confidential information. Promptly after the return or destruction of items containing the producing party's confidential information, the receiving party shall by letter certify that all items containing the producing party's confidential information have been returned and/or destroyed, respectively. Receipt of all material returned to the producing party shall be acknowledged in writing if requested by the receiving party and the receiving party has specified what has been returned by it. Notwithstanding the preceding sentences of this paragraph, one complete set of pleadings may be retained by each of the parties but any pleadings containing confidential information shall remain subject to all other provisions of this protective order.

12. Nothing herein shall prevent disclosure of any confidential information (1) by the producing party or (2) to any employee or officer of the producing party or (3) to any person, no longer affiliated with the producing party, who either authored, in whole or part, or who received the confidential information in confidence prior to the initiation of this litigation.

13. Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work product privileges.

///
///
///
///
///
///
///
///

14. This Order shall survive the final termination of this action with respect to any confidential information. The Court shall retain jurisdiction over the parties and counsel for the parties as necessary to enforce this Order.

DATED this 24th day of February, 2011.

Respectfully submitted by:

/s/ Brandon A. Block
Brandon A. Block
Law Offices of Brandon A. Block
A Professional Corporation
433 N. Camden Drive, Suite 600
Beverly Hills, CA 90210
Attorneys for Plaintiff,
JUNE NAVARRO

/s/ Susan L. Germaise
Susan L. Germaise
McGuire Woods, LLP
1800 Century Park East 8th Floor
Los Angeles, CA 90067
Attorneys for Defendant,
SPRINT NEXTEL CORPORATION

/s/ Robert D. Berglund
Robert D. Berglund
Carlson & Messer LLP
5959 W. Century Blvd., Suite 1214
Los Angeles, CA 90045
Attorneys for Defendant,
COLLECTO, INC.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated: Feb. 28, 2011

9

06436.00/169885

STIPULATED PROTECTIVE ORDER
CASE NO. CASE NO. 10-cv-06463-SJO (JCGx)